UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY D. BENION,

    Plaintiff,

v.

Case No. 2:18-cv-13746
Hon. Victoria A. Roberts

LINDSEY K., et. al.,

    Defendants.

_____/

# OPINION AND ORDER OF SUMMARY DISMISSAL

## I. Introduction

Harry D. Benion, who is presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint. For the reasons stated below, the Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for plaintiff's failure to state a claim.

## II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

1

### III. Complaint

Plaintiff is an inmate with the Michigan Department of Corrections. The complaint names nine Department of Corrections officials as defendants: the warden of his facility, three deputy wardens, the grievance coordinator, the facility manager, the classification director, and two other officials. Plaintiff asserts that he was classified as a low-assaultive-risk prisoner, yet he is sometimes in locations with prisoners who have been classified as having a much higher assaultive risk. Plaintiff asserts that he is exposed to dangerous prisoners when he walks to the building where prison visits, religious services, medical care, and library services occur. Plaintiff does not assert that he has been attacked or actually harmed by any other prisoners. Instead, he asserts that he is in constant fear for his physical safety. Plaintiff seeks $100,000,000 in damages.

### IV. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within

the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To prevail on a personal-safety claim, an inmate must show that he faced a sufficiently serious risk to his health or safety and that the defendant officials acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834).

Prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson*, 468 U.S. at 526-27. While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.")

Here, plaintiff alleges that he fears for his safety, but he does not allege any facts to establish whether that fear is reasonable or from which the Court might infer a particular danger. The fact that he at times spends time in units where there are prisoners with a higher security classification does not, in and of itself, establish a risk of injury.

Having conducted the review required by the PLRA, the Court determines that the complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal in forma pauperis is therefore denied. 28 U.S.C. § 1915(a)(3).

### V. Conclusion

**IT IS ORDERED** that the Complaint [Dkt. Entry # 1] is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**s/ Victoria A. Roberts**
Victoria A. Roberts
United States District Court

Dated: 1/3/19